# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

RANDY L. UPTON and )
VICTORIANA UPTON, )
                              )
            Plaintiffs, )
                              )
vs. )   Case No. CIV-14-270-M
                              )
UNITED STATES OF AMERICA, )
                              )
            Defendant, )
                              )
THE TRAVELERS INDEMNITY )
COMPANY AS SUBROGEE OF )
DOWNS ELECTRIC, LLC, )
                              )
            Intervener. )

## ORDER

Before the Court is defendant United States of America's ("United States") Motion to Dismiss, filed November 26, 2014. On May 29, 2015, plaintiffs and intervener[1] filed their joint response, and on June 2, 2015, the United States filed its reply. On June 25, 2015, Plaintiffs filed their joint supplemental response to the United States' motion to dismiss, and on June 29, 2015, the United States filed its sur-reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

On August 8, 2011, plaintiff Randy Upton was performing electrical work for Downs Electric, LLC, a subcontractor for Bhate Environmental Associates ("Bhate"). Bhate had a contract with the United States to tear down building 369 and perform some renovations at building 394 at

---

[1] Because the claims of plaintiffs and intervenor all arise out of the same alleged duty and the same alleged conduct, the Court will refer to these parties generally as "Plaintiffs" for purposes of this Order.

the Altus Air Force Base. Mr. Upton was severely injured when he drove a scissor lift off the edge of a loading dock located on the southwest side of building 394. The loading dock was constructed of white concrete, which matched the light colored concrete on the ground below, and allegedly failed to have any visible markings, bollards, or signs identifying the edges of the loading dock.

On June 26, 2013, Plaintiffs submitted administrative claims to the United States based on the August 8, 2011 accident. On December 6, 2013, the United States denied any liability for the claims. As a result, plaintiffs filed the instant action on March 18, 2014, and on April 2, 2014, intervener filed its Petition in Intervention. The United States now moves, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss this action for lack of subject matter jurisdiction.

II.   Discussion

The United States Congress has waived sovereign immunity for tort actions against the United States subject to the limitations and exceptions contained in the Federal Tort Claim Act ("FTCA"). The United States asserts, in part, that this Court lacks subject matter jurisdiction over Plaintiffs' claims because it has not waived sovereign immunity for the acts or omissions of independent contractors. Specifically, the United States contends that it delegated responsibility for safety matters and accident prevention to Bhate and because it was Bhate's responsibility to maintain a safe working environment and protect against accidents, any failure to make the worksite safe was a failure on the part of Bhate, an independent contractor. Thus, the United States contends that Plaintiffs' suit is outside this Court's jurisdiction.

Plaintiffs, on the other hand, assert that the contract in which the United States contends it delegated responsibility for safety matters and accident prevention to Bhate does not cover the site, scope of work, and loading dock where Mr. Upton was injured. Plaintiffs further assert that the site

2

and loading dock were maintained by the United States and it was the responsibility of the United States to maintain the loading dock in a safe manner. Plaintiffs, therefore, contend that their claims fall within the FTCA and this Court has subject matter jurisdiction.

The FTCA provides a limited waiver of sovereign immunity for damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Further, the FTCA defines an "employee of the government", in pertinent part, as follows:

> officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty . . . , and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States . . . .

28 U.S.C. § 2671. Additionally, the FTCA defines a federal agency as follows:

> the term "Federal agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the Unites States, <u>but does not include any contractor with the United States</u>.

28 U.S.C. § 2671 (emphasis added). "Since the United States can be sued only to the extent that it has waived its immunity, due regard must be given to the exceptions, including the independent contractor exception, to such waiver." *United States v. Orleans*, 425 U.S. 807, 814 (1976).

In the case at bar, the parties do not dispute that Bhate was an independent contractor. What the parties dispute is whether Bhate was responsible for safety matters and accident prevention at the loading dock where the accident happened – Plaintiffs assert the United States' delegation of

responsibility for safety matters and accident prevention did not include the loading dock as it was not part of Bhate's scope of work, and the United States asserts that its delegation of responsibility did include the loading dock.

The contract between the United States and Bhate provided that Bhate would do the following work in relation to building 394: renovate building 394 to accept material stored in hangar 503 and building 296 and relocate the dock and ramp. *See* Modification of Contract, attached as Exhibit 2 to the United States' reply, at 6. Additionally, Bhate was responsible for providing "all travel, plant, supervision, materials, design, and labor necessary to demolish Buildings 503 and 296, and consolidate all storage from these facilities into facility 394 at Altus Air Force Base, Oklahoma." *See* Exhibit 2 to the United States' motion to dismiss at 34. However, Salvatore Torcivia, a corporate representative for Bhate, testified at his deposition that the loading dock was outside the scope of the work to be performed by Bhate under the contract and that Bhate did not contractually agree to keep the loading dock safe.[2] *See* deposition of Salvatore Torcivia, attached as Exhibit 3 to Plaintiffs' response, at p. 24, lns 15-22; p. 25, ln 25 - p. 26, ln 5.

Further, the contract incorporated various provisions of the Federal Acquisition Regulations, codified at 48 C.F.R. *See* Contract, attached as Exhibit 4 to the United States' Motion to Dismiss, at 18-20. Specifically, the contract incorporates 48 C.F.R. § 52.236-7, which provides, in pertinent part:

> The Contractor shall, without additional expense to the Government, be responsible for obtaining any necessary licenses and permits, and

---

[2]To the extent Mr. Torcivia's testimony relates to the work actually performed by Bhate, the Court finds the testimony is admissible. However, because there are no technical terms in the contract that need clarifying, the Court finds the testimony is inadmissible to the extent Mr. Torcivia is interpreting the contract language.

> for complying with any Federal, State, and municipal laws, codes, and regulations applicable to the performance of the work. The Contractor shall also be responsible for all damages to persons or property that occur as a result of the Contractor's fault or negligence.

48 C.F.R. § 52.236-7, and incorporates 48 C.F.R. § 52.236-13, which provides, in pertinent part:

> The Contractor shall provide and maintain work environments and procedures which will (1) safeguard the public and Government personnel, property, materials, supplies, and equipment exposed to Contractor operations and activities; . . . .

48 C.F.R. § 52.236-13(a)(1).

Having carefully reviewed the parties' submissions, the Court finds that the United States' delegation of responsibility for safety matters and accident prevention to Bhate did include the loading dock where the accident occurred. Specifically, the Court finds that under the contract, Bhate's scope of work included the loading dock. At the time of the accident, the contract provided that Bhate would relocate building 394's dock and ramp. Additionally, the contract provided that Bhate was responsible for all travel necessary to demolish buildings 503 and 296 and consolidate all storage from these facilities into building 394. Mr. Torcivia testified that the loading dock was the only way to get any kind of equipment into the building. *See* deposition of Salvatore Torcivia, attached as Exhibit 1 to the United States' reply, at p. 27, lns 17-19. Thus, the use of the loading dock to consolidate all storage from buildings 503 and 296 into building 394 would be necessary, and under the contract Bhate would be responsible for the safety of the loading dock.

Further, the Court finds that even if the loading dock were not within Bhate's "scope of work", the United States' delegation of responsibility for safety matters and accident prevention to Bhate set forth in the contract would still include the loading dock. Bhate was responsible for maintaining work environments and procedures which will safeguard the public and government

personnel, property, materials, supplies, and equipment <u>exposed to Bhate's operations and activities</u>. *See* 48 C.F.R. § 52-236-13(a)(1). "The span of a construction site is not limited to the precise area where the construction is taking place; it includes adjacent areas as well." *Roditis v. United States*, 122 F.3d 108, 110 (2d Cir. 1997). A loading dock an employee of a subcontractor was using to move equipment from building 394 to conduct renovations in another facility clearly would fall within the span of the construction site and would fall within Bhate's operations and activities.

Accordingly, because this Court finds that the United States' delegation of the responsibility for safety matters and accident prevention to Bhate included the loading dock where the accident occurred, any failure to make the loading dock safe was a failure on the part of Bhate, an independent contractor. Thus, the United States has not waived sovereign immunity for the acts or omissions alleged by Plaintiffs in this case, and this action, therefore, is outside this Court's jurisdiction.

III. Conclusion

For the reasons set forth above, the Court GRANTS the United States' Motion to Dismiss [docket no. 24] and DISMISSES this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED this 17th day of September, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE